IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

**LARRY ARNOLD YOUNG,**

    Petitioner,

v.                                         CIVIL ACTION NO. 1:03-0301
                                                (Criminal Action No. 1:88-0112)

**UNITED STATES OF AMERICA,**

    Respondent.

## MEMORANDUM OPINION AND ORDER

      By Standing Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort.  Pursuant to 28 U.S.C. § 636(b)(1)(B), the Standing Order directs Magistrate Judge VanDervort to submit proposed findings and recommendation concerning the disposition of this matter.  Magistrate Judge VanDervort submitted his Proposed Findings and Recommendation on November 4, 2005.  The magistrate judge made the following recommendations:  (1) that the court confirm and accept the magistrate judge's findings, (2) that the court deny plaintiff's motion to correct sentence with prejudice, (3) that the court deny plaintiff's application to proceed in forma pauperis, and (4) that the court order the Clerk to remove this matter from the court's active docket.

      In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted ten days, plus three mailing days, in which to file any objections to Magistrate Judge

VanDervort's Proposed Findings and Recommendation. Plaintiff filed a motion to enlarge the time in which he must file objections (doc. # 16). That motion is hereby GRANTED. The court has conducted a de novo review of the record as to plaintiff's objections.

In his objections, plaintiff contends that he received an illegal sentence after he pleaded guilty to violating 21 U.S.C. § 848. The court can find no support for plaintiff's contention as the sentence in all respects appears to have been legal and within the statutory limits. Without any legal support for his claim, plaintiff erroneously states that he should have been sentenced under 21 U.S.C. § 841(a)(1). It is clear, however, that plaintiff pled guilty to a violation of 21 U.S.C. § 848 and was sentenced under that statute. After reviewing the record in this case and applicable case law, the court concludes that the magistrate correctly applied the law in this case. As such, petitioner's objections must be overruled in their entirety.

Even though petitioner styled this action a motion to correct a sentence under Rule 35 of the Federal Rules of Criminal Procedure, in reality, petitioner's motion sounds, for the most part, under 28 U.S.C. § 2255. Because petitioner has already filed several actions under 28 U.S.C. § 2255, this petition is successive, and must be dismissed as such.

Because the plaintiff's objections are entirely lacking in legal support, even under the deferential standard of review applicable to cases filed by pro se litigants, they must be dismissed. By accompanying Judgment Order, they are accordingly overruled. As all of plaintiff's objections have been overruled, the court determines that the magistrate judge's decision was well-reasoned and supported by case law. As stated in the court's Judgment Order filed herewith, the court (1) confirms and accepts the magistrate judge's findings, (2) denies plaintiff's motion to correct sentence with prejudice, (3) denies plaintiff's application to proceed in forma pauperis, and (4) orders the Clerk to remove this matter from the court's active docket.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to the plaintiff, pro se, and to all counsel of record.

IT IS SO ORDERED this 1st day of May, 2006.

ENTER:

David A. Faber
Chief Judge